IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DERRICK RODNEY, JEROME BATISTE, and COURTNEY WATSON | § § § | Civil Action No. 19-cv-11890 |
| Plaintiffs, | § § | Section H(4) |
| v. | § § | Jury Trial Demanded |
| ELLIOTT SECURITY SOLUTIONS, LLC; IAN KENNARD; DARRIN ELLIOTT, SR.; and DAYONE ELLIOTT | § § § § § | |
| Defendants. | | |

## PLAINTIFFS' AMENDED COMPLAINT

Plaintiffs Derrick Rodney, Jerome Batiste, and Courtney Watson (sometimes collectively referred to as "Plaintiffs") hereby amend their Complaint as a matter of right[1] and bring this action against Defendants Elliott Security Solutions, LLC; Ian Kennard; Darrin Elliott, Sr.; and Dayone Elliott (sometimes collectively referred to as "Defendants"). This Amended Complaint is <u>not</u> brought as a collective action, but rather asserts individual claims on behalf of all Plaintiffs. With this in mind, Plaintiffs respectfully allege as follows:

## INTRODUCTION

1. Plaintiffs bring this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Louisiana Wage Payment Act, La. R.S. § 23:631, *et seq.* ("the Wage Payment Act"), for, *inter alia*, unpaid minimum wage and overtime wages, liquidated damages, penalty wages, and attorney's fees and costs.

---

[1] Plaintiffs have added Courtney Watson as a Plaintiff in this case for the reasons set forth in their previous Motion. (Doc. # 10).

1

## THE PARTIES

2. Plaintiff Derrick Rodney is an individual residing in Jefferson Parish, Louisiana. Mr. Rodney formerly was employed with Defendants as, among other things, a City Manager and Field Supervisor.

3. Plaintiff Jerome Batiste is an individual residing in Jefferson Parish, Louisiana. Mr. Batiste formerly was employed with Defendants as, among other things, a Security Guard and Armed Security Guard.

4. Plaintiff Courtney Watson is an individual residing in Jefferson Parish, Louisiana. Mr. Watson formerly was employed with Defendants as, among other things, a Security Guard.[2]

5. Defendant Elliott Security Solutions, LLC ("Elliott Security") is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Darrin Elliot, Sr., 4650 General De Gaulle Drive, Suite 215, New Orleans, LA 70131.**

6. Defendant Darrin Elliott, Sr. is a corporate officer of Elliott Security and is an "employer" within the meaning of the FLSA and the Wage Payment Act.

7. Defendant Dayone Elliott is the Vice President of Operations for Elliott Security and is an "employer" within the meaning of the FLSA and the Wage Payment Act.

8. Defendant Ian Kennard is a corporate officer of Elliott Security and is an "employer" within the meaning of the FLSA and the Wage Payment Act.

---

[2] Plaintiffs' Consent Forms are attached hereto as <u>Exhibit A</u>. Although Plaintiffs are aware that the filing of a consent form may not be necessary in individual FLSA actions like this one, we submit the same in an abundance of caution and to avoid any overly technical arguments that Defendants may assert down the road to try and avoid liability for their clear FLSA violations.

**JURISDICTION AND VENUE**

9. This Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. Further, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

10. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

**FACTUAL ALLEGATIONS**

11. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA and had more than $500,000 in annual gross revenues. Defendants provide security guard services in locations throughout Texas, Louisiana, Mississippi, Alabama, Georgia, Florida, Tennessee, and California.

12. Furthermore, Plaintiffs engaged in commerce within the meaning of the FLSA, and therefore are subject to individual coverage under the FLSA.

13. Defendants directed and monitored the work of Plaintiffs and other workers. For example, Defendants: (i) set Plaintiffs' schedules and work hours; (ii) assigned and monitored Plaintiffs' work; (iii) supervised and evaluated Plaintiffs' work; and (iv) determined the rates of pay for Plaintiffs.

14. Defendants have made deductions to Plaintiffs' wages in violation of the FLSA for, among other things, (a) application and training fees, (b) uniforms, (c) "rental" of items integral to Plaintiffs' work, including the "rental" of firearms, and (d) items that Defendants incorrectly claim that Plaintiffs lost, including firearms.

15. The deductions that Defendants have made to Plaintiffs' wages violate the FLSA because they had the effect of : (a) reducing Plaintiffs' wages below the minimum wage of $7.25 for hours worked in a workweek; and/or (b) reducing Plaintiffs' overtime hourly rate such that they did not receive 1 ½ times their regular rate of pay for all hours worked over forty in a workweek. As noted by the Department of Labor:

> Security Guard Firms: The security guard cannot bear the cost of the uniform, gun, whistle, belt, and other employer/industry required tools if by purchasing them he/she receives less than the applicable minimum wage or such purchasing would cut into any overtime wages earned. This applies whether she\he buys the uniform directly or if it is sold to the employee by the firm.
>
> **Requirements**
> Uniforms: The FLSA does not require that employees wear uniforms. However, if the wearing of a uniform is required by some other law, the nature of a business, or by an employer, the cost and maintenance of the uniform is considered to be a business expense of the employer. If the employer requires the employee to bear the cost, it may not reduce the employee's wage below the minimum wage of $7.25 per hour effective July 24, 2009. Nor may that cost cut into overtime compensation required by the Act.

(*See* Department of Labor *Fact Sheet #4: Security Guard/Maintenance Service Industry Under the Fair Labor Standards Act (FLSA)*, and *Fact Sheet #16: Deductions From Wages for Uniforms and Other Facilities Under the Fair Labor Standards Act (FLSA)*, attached hereto *in globo* as Exhibit B).

16. Plaintiffs regularly worked more than forty (40) hours in a workweek for Defendants, but often were not paid all overtime wages for the time worked.

17. Defendants use a two-week pay period to pay Plaintiffs. It is impossible to work more than 80 hours in a two-week pay period (which Defendants have here) without some overtime hours because the FLSA's overtime requirements apply to all hours worked over forty in a workweek. (Exhibit B, *Fact Sheet #4: Security Guard/Maintenance Service Industry Under the Fair Labor Standards Act (FLSA)*, which notes that "[o]vertime must be calculated on a workweek basis, and the hours cannot be averaged over a two week period.").

18.     For example, Defendants: (a) routinely paid Plaintiffs their straight-time rate of pay for hours worked over forty in a workweek instead of 1 ½ times their regular rate of pay as required by the FLSA; and (b) failed to pay the proper overtime rate when Plaintiffs worked at different hourly rates during a workweek. Plaintiffs provide specific <u>non-exclusive</u> examples of Defendants' violations in the paystubs[3] attached hereto which unequivocally show *facial* violations of the FLSA.  Moreover, it must be emphasized that Plaintiffs' estimates assume that they worked exactly 40 hours over the biweekly pay periods at issue when it is quite possible that they worked less hours in one given week, which would increase the amount of overtime owed for the other week in the bi-weekly pay period.[4]

(a) For the paychecks dated January 4, 2019, January 18, 2019, February 1, 2019, February 15, 2019 February 23, 2019, Mr. Rodney received his straight-time rate of pay even though he worked well over 40 hours in every workweek. Further, Defendants did not pay Mr. Rodney the weighted average of his respective hourly rates (in fact, Defendants did not pay Mr. Rodney any over time *at all*).

(b) For the paychecks dated January 5, 2018, and January 19, 2018, February 2, 2018, and March 2, 2018, Defendants made deductions to Mr. Batiste's compensation such that it reduced his overtime pay in violation of the FLSA.

---

[3]     "To state a plausible claim for unpaid overtime compensation under the FLSA, [the plaintiff] is ***not*** obligated to allege specific details like the number of hours worked each week, ***or the weeks during which he was underpaid.***" *Glover v. Quality Air Techs., Ltd.*, 2014 U.S. Dist. LEXIS 86228, *6 (N.D. Tex. June 25, 2014) (emphasis added); *see also Holland v. Wright,* 2013 U.S. Dist. LEXIS 134232, *6 (E.D. Tex. Aug. 28, 2013) ("Plaintiff's assertions that [s]he worked over 40 hours in a work week and was not paid overtime or minimum wage are not legal conclusions, but rather factual allegations that if proven give rise to a plausible claim for relief.")  One of the primary reasons Plaintiffs are not required to do so is because the FLSA requires ***the employer*** to maintain, *inter alia*, (i) a record of each employee's full legal name, occupation, regular hourly rate of pay, hours worked each workday, and total hours worked each workweek); requires Defendant to (ii) be able to produce it "within 72 hours."  *See* 29 C.F.R. § 516.2(a)(1),(2) & (4) *see also* 29 C.F.R. § 516.7(a) (employer must be able to produce the records within 72 hours). Although Plaintiffs are not required to plead the specific dates of overtime violations, we nonetheless do so to demonstrate the frivolity of Defendants' pending Motion to Dismiss.

[4]     For example, a worker with 96 hours in a bi-weekly pay period may be entitled to more than 16 hours in unpaid overtime if they worked 32 hours in one week and 64 hours in the other week of the bi-weekly pay period because the FLSA measures overtime hours by the week (as opposed to bi-weekly). *See, e.g., Anderson v. N. Roanoke Veterinary Clinic*, CA No. 96-0250-R, 1997 U.S. Dist. LEXIS 1336, at *25 (W.D. Va. Jan. 17, 1997) ("If the plaintiffs, however, were paid overtime and it was misfigured because the defendants were using an eighty-hour, two-week period rather than a forty-hour, one-week period, there is a question of fact as to the defendants' good faith.").

      Further, Defendants did not pay Mr. Batiste the weighted average of his respective hourly rates for the paycheck dated March 2, 2018.

(c) For the paychecks dated February 15, 2019, March 1, 2019, and March 29, 2019, Mr. Watson received his straight-time rate of pay even though he worked well over 40 hours in every workweek. For the paychecks dated March 21, 2019, and March 29, 2019, Defendants made deductions to Mr. Watson's compensation such that it reduced his overtime pay in violation of the FLSA.

(*See* Sampling of Plaintiffs' Paystubs with some of Defendants' FLSA violations highlighted, attached hereto *in globo* as Exhibit C).

19. In addition, Defendants often did not pay Plaintiffs for all hours worked during a workweek, including when Plaintiffs worked hours over forty in a workweek. In this respect, Plaintiffs often did not receive payment for all the hours they recorded on their timesheets and/or reported to Defendants, including when Plaintiffs worked more than forty hours in a workweek.

20. Defendants also failed to pay Plaintiffs their straight-time rate of pay for many hours that Plaintiffs were required to work

21. By refusing to pay Plaintiffs for all hours worked, Defendants have violated the FLSA and the Louisiana Wage Payment Act.

22. Plaintiffs have made demand to Defendants for the compensation owed to them, but Defendants still have refused to pay the wages owed to Plaintiffs.

23. Defendants' denial of straight-time pay, minimum wage, and overtime compensation to Plaintiffs is, and has been, willful and deliberate.

## FIRST CAUSE OF ACTION
(Failure to Pay Minimum Wage and Overtime in violation of the FLSA

24. Plaintiffs incorporate by reference each allegation in the preceding paragraphs as though fully set forth herein.

25. The FLSA requires employers to pay all non-exempt employees: (i) at least the federal minimum wage of $7.25 per hour for all hours worked, and (ii) overtime compensation for all hours worked over forty in a workweek.

26. Defendants have deprived Plaintiffs of lawful compensation in violation of the FLSA as heretofore alleged.

27. Defendants' conduct, as alleged, constitutes a willful violation of the FLSA.

28. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to damages equal to the amount of all uncompensated time, including minimum wage and overtime pay, and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

29. Plaintiffs also seeks reasonable attorney's fees and costs, as provided by the FLSA.

## SECOND CAUSE OF ACTION
(Violations of the Wage Payment Act)

30. Plaintiffs incorporate by reference each allegation in the preceding paragraphs as though fully set forth herein.

31. Despite demands from Plaintiffs, Defendants have failed to pay them the wages due under the terms of their employment after their termination within the time period prescribed by the Wage Payment Act.

32. Accordingly, Plaintiffs are not only entitled to recover their unpaid wages, but also penalty wages, attorney's fees, costs, and judicial interest.

## DEMAND FOR JURY

33. Plaintiffs hereby demand a trial by jury for all issues in this case.

**PRAYER FOR RELIEF**

WHEREFORE, having set forth their Complaint, Plaintiffs respectfully request that this Court order the following relief:

(a) Enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA and that Defendants willfully violated the rights of Plaintiffs;

(b) Award Plaintiffs unpaid back wages and liquidated damages equal in amount to the unpaid compensation found due to them under the FLSA;

(c) Award Plaintiffs attorney's fees, pre-judgment and post-judgment interest, and costs (including expert witness expenses), all as provided by the FLSA;

(d) Award Plaintiffs unpaid wages, penalty wages, attorney's fees, costs, and judicial interest as provided by the Wage Payment Act; and

(e) Award Plaintiffs any other legal and equitable relief that this Court deems just and proper.

Dated:  September 25, 2019                        Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By:  s/Christopher L. Williams
Christopher L. Williams (T.A.)
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

*Attorney for Plaintiffs Derrick Rodney, Jerome Batiste, and Courtney Watson*